### In re LA PROVIDENCIA DEVELOPMENT CORPORATION et al., Petitioners.

#### No. 7244 Original.

United States Court of Appeals
First Circuit.

Jan. 20, 1969.

Edelmiro Salas Garcia, Rio Piedras, P. R., and Aurelio Roque Delgado, San Juan, P. R., on memorandum in support of the petition.

Juan F. Doval, San Juan, P. R., Seymour M. Waldman, New York City, Baragano, Trias, Saldana & Francis, San Juan, P. R., and Waldman & Waldman, New York City, on the answer and brief of International Longshoremen's Association, AFL–CIO, and others, respondents.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In June 1968 the petitioners, La Providencia Development Corporation et al., who are now seeking mandamus, started a suit in the Superior Court of Puerto Rico, making certain attachments to secure their hoped-for judgment. In July all of the defendants in said action, save one, filed a petition to remove the action to the district court on the ground of

diversity.[1] The plaintiff-petitioners filed a motion to remand, which was granted on August 19th. A copy of the remand order was filed in the Superior Court, which resumed jurisdiction of the case. Thereafter the district court elected to reconsider its remand order and entered a new order on September 25 purporting to vacate the remand. Petitioners objected to this and sought relief from this court. On November 7 we entered an order permitting them to file a petition for mandamus, which they have now done. Defendants have answered, and have submitted a brief. In the meantime, on November 12, 1968 the district court issued an order purporting to revoke the state court attachments on the ground the petitioners had not complied with Puerto Rico law. In view of the serious question of the court's jurisdiction we stayed this action forthwith, pending our decision herein.

■■ The initial problem is whether a district court has power to vacate its remand order after the state or local court has reassumed jurisdiction. The solution revolves upon the correct interpretation of 28 U.S.C. § 1447(d), which provides, in material part,

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. * * *"

Even when the words "or otherwise" were not in the statute the Supreme Court held that appellate review of a remand order was not permitted by the alternative method of seeking mandamus. United States v. Rice, 1946, 327 U.S. 742, 751, 66 S.Ct. 835, 90 L.Ed. 982; Employers Reinsurance Corp. v. Bryant, 1937, 299 U.S. 374, 57 S.Ct. 273, 81 L. Ed. 289. The only possible exception is when the remand order has not been completed by the re-entry of the case in the state court. See In re Henneman, 1 Cir., 1943, 137 F.2d 627 (Record at pp. 30–31); Bucy v. Nevada Constr. Co., 9 Cir., 1942, 125 F.2d 213. Whether the dictum in *Henneman* and the decision in *Bucy* are correct we need not consider, as that is not the situation here. The reason for this rule was well expressed in In re Pennsylvania Co., 1890, 137 U.S. 451, 454, 11 S.Ct. 141, 142, 34 L.Ed. 738:

> "The general object of the act is to contract the jurisdiction of the federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal if the writ of mandamus could still have been sued out in this court. * * * Still, although the writ of mandamus is not mentioned in the section, yet the use of the words 'such remand shall be immediately carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of *an intent to suppress further prolongation of the controversy by whatever process.*" [emphasis added]

Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, cf. Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

Applying these considerations to the present case, there is no more reason

---

1. All defendants should have joined. It is now alleged that the failure of defendant William Murphy to join in the removal was due to "oversight." We do not explore the question whether this was a scrivener's inadvertence, and whether, if such, it was remediable, see Finn v. American Fire & Cas. Co., 5 Cir., 1953, 207 F.2d 113, cert. denied, 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069, or whether it was a more fundamental failure to obtain Murphy's authorization, which would seem irreparably fatal. Chicago, R. I. & P. Ry. v. Martin, 1900, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055.

for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one shot, right or wrong.[2] The fact that in this particular case the Superior Court of Puerto Rico misunderstood the statute, as did the district court, and acquiesced in a second loss of jurisdiction, does not change the principle, or the required result.

The question remains whether, even though the district court was wrong, we should exercise the discretionary, and sparingly used, writ of mandamus to review the reconsideration and denial of remand. It has been frequently held that interlocutory review should not be allowed, even when the question is one of jurisdiction. Comfort Equip. Co. v. Steckler, 7 Cir., 1954, 212 F.2d 371; American Airlines, Inc. v. Forman, 3 Cir., 1953, 204 F.2d 230. We consider the present case, however, exceptional. In the first place, it is one where the district court has misunderstood the plain meaning of the statute. See General Tire & Rubber Co. v. Watkins, 4 Cir., 1964, 326 F.2d 926, 928, cert. denied, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179; American Airlines, Inc. v. Forman, supra, 204 F.2d at 232. Secondly, although even substantial inconvenience to the parties is normally insufficient, Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 31, 63 S.Ct. 938, 87 L.Ed. 1185, as any erroneous judgment may ultimately be corrected, the question whether the sizable attachments in the present case should be released or continued involves possibly irreparable immediate harm in case of an erroneous decision either way. Finally, while comity is not controlling even on mandamus, it adds weight to the two prior special circumstances; the local, and appropriate, court should be the one to decide any questions relating to the attachments. For the sum of these reasons we hold the writ should be granted.

---

2. Yarbrough v. Blake, W.D.Ark., 1963, 212 F.Supp. 133; Poindexter v. Gross & Janes Co., W.D.Ark., 1958, 167 F.Supp. 151; Garrison v. Atlantic Life Ins. Co., E.D.S.C., 1937, 18 F.Supp. 469; Leslie v. Floyd Gas Co., E.D.Ky., 1935, 11 F.Supp. 401; see Thompson v. Kelly, 8 Cir., 1948, 170 F.2d 213; cf. Travelers' Protective Ass'n of America v. Smith, 4 Cir., 1934, 71 F.2d 511. See also St. Paul & C. Ry. v. McLean, 1883, 108 U.S. 212, 217, 2 S.Ct. 498, 27 L.Ed. 703.