505 F.2d 953
 Evelyn SELL and Barry Sell, Plaintiffs-Appellants,
v.
VOLKSWAGEN OF AMERICA, INC., et al, Defendants-Appellees
(two cases).
Eric SELL, Plaintiff-Appellant,
v.
VOLKSWAGEN OF AMERICA, INC., et al., Defendants-Appellees
(two cases).
Kathrine STALLWORTH, Plaintiff-Appellant,
v.
VOLKSWAGEN OF AMERICA, INC., et al., Defendants-Appellees (two cases).
 Nos. 74-1583 to 74-1588.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1974.
 
 James A. Tuck, Ernest Goodman, Goodman, Eden, Millender, Goodman & Bedrosian, Detroit, Mich., James F. Schaeffer, Memphis, Tenn., for plaintiffs-appellants.
 Ronald R. Pawlak, Southfield, Mich., George F. Clark, Steven L. Kreuger, Detroit, Mich., for defendants-appellees.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and LIVELY, Circuit judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from an order denying their motion to remand these cases to the Circuit Court of Wayne County, Michigan, in which they originally were filed, and in dismissing Seaway Motors, Inc., a Michigan corporation, as a party defendant.
 
 
 2
 Seaway Motors, Inc., is a Volkswagen dealer in Detroit. Mrs. Evelyn Sell, one of the plaintiffs, had purchased two Volkswagen automobiles from Seaway, one in 1960 and the second in 1968. Prior to July 1971, Mrs. Sell moved to Austin, Texas, and purchased a 1971 Volkswagen from an authorized dealer in that city. On August 20, 1972, Mrs. Sell and the other plaintiffs were traveling on an interstate highway in Tennessee in the 1971 Volkswagen which she had purchased in Texas. A tire blew out, causing an accident and serious injuries to plaintiffs. It is alleged that the blowout resulted from uneven tread wear, which in turn was caused by a defect in the suspension system.
 
 
 3
 On July 24, 1973, plaintiffs filed this suit in the Wayne County Circuit Court against Seaway, Volkswagen of America, Inc., and the parent German Volkswagen corporation.
 
 
 4
 In dismissing Seaway as a party defendant, District Judge Charles W. Joiner entered a final judgment as to this order in accordance with Fed.R.Civ.P. 54(b), reciting 'there is no just reason to delay entry of the Order of Judgment.' The case is still pending against the two Volkswagen corporations and has been transferred to the Western District of Tennessee for trial.
 
 
 5
 Plaintiffs-appellants assert liability against Seaway in spite of the fact that the automobile involved in the accident was not purchased from that agency. It is contended that when Mrs. Sell purchased her two former Volkswagen automobiles from Seaway, this Michigan dealer made representations to the effect that, in addition to its warranties, Volkswagen maintains a nationwide comprehensive servicing and maintenance program and that she relied upon these representations. Because she followed the official maintenance schedule recommended by Volkswagen, Mrs. Sell says that she felt safe in not checking the tire tread herself. She asserts that if the mechanic in Texas who last tested her car had complied with the representations made by Seaway, the worn tread would have been discovered and the accident would not have happened.
 
 
 6
 We hold that the District Court did not commit reversible error in dismissing Seaway as a party defendant. Seaway was not even remotely connected with the vehicle which plaintiffs say was defective. We see no reason why Seaway was joined as a party defendant except as a procedural tactic to destroy diversity of citizenship. The judgment dismissing Seaway as a party defendant is affirmed.
 
 
 7
 Plaintiffs-appellants also appeal from the order of the District Court in declining to remand their cases to the state court. Ordinarily this portion of the order would not be appealable. However, since the order dismissing Seaway is appealable, this court has jurisdiction to consider the appeal from the order in declining remand. Kysor Indus. Corp. v. Pet, Inc., 459 F.2d 1010, 1011 (6th Cir.), cert. denied, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 243 (1972). The order refusing to remand the cases to the state court is affirmed.
 
 
 8
 All other issues presented by appellants have been considered and are found to be without merit.
 
 
 9
 Affirmed. Costs are assessed against plaintiffs-appellants.