Jesse W. TOLEFREE,
Petitioner-Appellant,

v.

FORD MOTOR CREDIT COMPANY, a
Delaware Corporation,
Respondent-Appellee.

No. 77–1046.

United States Court of Appeals,
Ninth Circuit.

Nov. 30, 1977.

---

Jesse W. Tolefree, pro se.

John O. Stansbury, of Eskanos & Kleinman, Oakland, Cal., for respondent-appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

On August 27, 1976 Ford Motor Credit Company (Ford), a Delaware corporation licensed to do business in California, sued Tolefree, a citizen of California, in a state superior court for $5,530.01 when Tolefree defaulted on his truck purchase installment sale contract with Ford.

On September 22, 1976. Tolefree filed a petition for removal of the case to a federal district court alleging diversity of citizenship. After removal was granted on September 30, 1976 Tolefree, without service on Ford, moved that the district court dismiss the action for lack of jurisdiction, the amount in controversy being less than $10,-000.[1]

On November 5, 1976 Ford moved that the district court remand the case to the state court on the grounds of improvident removal and lack of federal jurisdiction pursuant to 28 U.S.C. § 1447(c).[2] The district court granted Ford's motion for remand and declined to hear Tolefree's motion to dismiss for lack of the required amount in controversy, for lack of diversity of citizenship, or absence of federal question.

The order for remand is not appealable to this Court. 28 U.S.C. § 1447(d).[3] *See*

---

1. 28 U.S.C. § 1332(a) provides:
   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs . . . .

2. 28 U.S.C. § 1447(c) provides:
   If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The

State court may thereupon proceed with such case.

3. 28 U.S.C. § 1447(d) provides:
   An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

   The exception made in § 1447(d) as to a case removed pursuant to § 1443 applies only to a civil rights case, which the instant case is not.

*Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 345–52, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *In re Southwestern Bell Telephone Co.,* 535 F.2d 859, 860, *aff'd en banc,* 542 F.2d 297 (5th Cir. 1976); *Robertson v. Ball,* 534 F.2d 63, 64–66 (5th Cir. 1976).

Therefore, dismissal of the appeal is appropriate.