James W. HAMMONS,
Plaintiff-Appellee,

v.

TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS OF
AMERICA, LOCAL NO. 20, Defendant-
Appellant,

B & B Motor Lines, Inc.; Metropolitan
Distributing Company of Toledo,
Defendants-Appellees,

Central States, Southeast and
Southwest Areas Pension
Fund, et al., Defendants.

No. 83–3497.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 27, 1984.

Decided Feb. 6, 1985.

David Zoll (argued), Gallon, Kalniz, Iorio
Co., L.P.A., Toledo, Ohio, for defendant-ap-
pellant.

Timothy G. Costello, Goldberg, Previant,
Uelmen, Grantz, Miller & Brueggeman,
Milwaukee, Wis., for Central States, etc.

Peter J. Wagner, Toledo, Ohio, for B &
B.

Charles K. Boxell (argued), Brown, Bak-
er, Schlageter & Craig, Toledo, Ohio, for
defendants-appellees.

Before EDWARDS * and KEITH, Circuit
Judges, and PHILLIPS, Senior Circuit
Judge.

PHILLIPS, Senior Circuit Judge.

The question presented on this appeal is
whether Teamsters, Chauffeurs, Ware-
housemen and Workers of America Local
No. 20 (Teamsters Local # 20) remains a
party to this action, which was remanded

* The Honorable George Edwards took senior sta-    tus January 15, 1985.

by the District Court to the State Court from which it had been removed. We dismiss the appeal for the reasons stated in this opinion. Whether Teamsters Local # 20 remains a party to the action is a question for determination by the State Court of Common Pleas to which the case has been remanded.

## I

The suit was filed in the Court of Common Pleas of Lucas County, Ohio, against four defendants, one of whom was Teamsters Local # 20. Plaintiff alleged that defendant Central States Southeast and Southwest Areas Pension Fund wrongfully denied him pension benefits. The complaint also charged violations by defendants of a collective bargaining agreement.

Defendant Central States removed the case to the United States District Court pursuant to 28 U.S.C. § 1446. On September 14, 1981, the District Court granted the motion of Teamsters Local # 20 to dismiss that defendant, on the ground that the federal court did not have subject matter jurisdiction. It is noted that Local # 20, in its motion to dismiss, also asserted that the complaint failed to allege sufficient facts to establish a breach of the collective bargaining agreement or of the Union's duty of fair representation. Thereafter, on May 3, 1982, the District Court remanded the case to the Court of Common Pleas of Lucas County for the reason that the District Court did not have subject matter jurisdiction.

## II

On August 24, 1982, the District Court entered a memorandum and order stating that the intention of the previous orders of September 14, 1981 and December 8, 1981 was to dismiss only the federal causes of action as to all the defendants and to remand the case to the State Court for determination of pendent state law claims. This order of August 24 mentioned all defendants by name except defendant Teamsters Local # 20.

On June 8, 1983, the District Court entered the following order:

It has come to the Court's attention that on remand of this action to the Lucas County, Ohio Court of Common Pleas some ambiguity has been encountered by the state court. On May 4, 1982, this Court remanded the above captioned action. In sending this suit back to state court it was explained that federal subject matter jurisdiction was lacking. The Court had previously held that subject matter jurisdiction did not exist under §§ 301 and 302 of the Labor Management Relations Act, nor under § 502 of the Employee Retirement Income Security Act. Thus, a remand of the action was appropriate.

The Order of Remand, although generally phrased, is directed to each of the defendants. This action was originally commenced in the Lucas County Court of Common Pleas and thereafter was removed to this forum. In remanding this case back to state court, this Court noted the absence of federal subject matter jurisdiction. On removal, when it is determined that federal subject matter jurisdiction does not exist, the case is then remanded in its entirety to state court for appropriate proceedings.

In this instance it appears that defendant Teamsters Local 20 is contesting its inclusion in the lawsuit on remand. On September 14, 1981 this Court entered a judgment entry dismissing Local 20 from the action in response to its motion to dismiss. No memorandum of law was issued by the Court explaining its decision. However, it is apparent that Local 20's dismissal from the action was on subject matter jurisdiction grounds. The memorandum in support of said motion advanced arguments against the existence of federal subject matter jurisdiction.

Since Local 20 was dismissed on subject matter jurisdiction grounds, on remand it is in a position no different from the other defendants. The Order of Remand implicitly places all named defendants before the Lucas County Court of

Common Pleas for disposition of the lawsuit.

It is hoped that this Order has clarified the stance of this action in state court. For the foregoing reasons,

IT IS ORDERED that the Remand Order of May 4, 1982 is clarified to pertain to all named defendants.

Defendant Teamsters Local # 20 appeals from the above-quoted order on the ground that the District Court was without jurisdiction to amend its previous order granting the motion to dismiss Teamsters Local # 20 from the case. Teamsters Local # 20 asserts that since it was dismissed by the District Court as a party defendant, it no longer is a party defendant in the case remanded to the State Court.

■ With rare exceptions, the order of a district court remanding a case to the state court from which the case has been removed is not a final order and, standing by itself, cannot be appealed. 28 U.S.C. § 1447(d). *Tolefree v. Ford Motor Credit Co.*, 571 F.2d 1088 (9th Cir.1977) (per curiam); *Mason v. Callaway*, 554 F.2d 129 (4th Cir.) (per curiam), *cert. denied*, 434 U.S. 877, 98 S.Ct. 229, 54 L.Ed.2d 157 (1977); *Sell v. Volkswagen of America, Inc.*, 505 F.2d 953 (6th Cir.1974) (per curiam); *Capital Bancshares, Inc. v. North American Guaranty Insurance Co.*, 433 F.2d 279, 282 (5th Cir.1970). The one exception provided in 28 U.S.C. § 1447(d) concerns remand orders for civil rights cases removed to district court pursuant to 28 U.S.C. § 1443(1). *Noel v. McCain*, 538 F.2d 633 (4th Cir.1976). This exception obviously does not apply in this case.

### III

Appellant argues that a district court does not have the authority to correct a remand order which inadvertently omits the naming of one of the parties to the underlying suit. Reliance is placed on *Three J. Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). In *Three J. Farms*, the Fourth Circuit expressly reserved a deci-

sion on a related question of inadvertance. Specifically that court said: "Whether a district court has the authority to vacate a remand order which was entered by 'mistake or inadvertence' in the true sense of that phrase is a question we need not decide for it is clear that the order of October 13, 1978, cannot properly be characterized as one inadvertently entered." 606 F.2d at 116. By its express language the *Three J. Farms* opinion does not address the matter at issue in the present case. Further, the Fourth Circuit noted in *Three J. Farms* principles of comity and respect for the authority of the State courts in declining to allow a federal court to vacate its remand order. *Id.* at 115. In the present case, the post-remand orders of the District Court operate in support of the jurisdiction of the State Court—and not in derogation of State authority.

### IV

■ Appellant asserts in the alternative that, if the order involved in this appeal is not an appealable order, it should be reviewed through a writ of mandamus. Local # 20 again relies on *Three J. Farms, Inc. v. Alton Box Board Co., supra*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). Under extraordinary circumstances, mandamus may be used to review an unappealable interlocutory order. *Will v. United States*, 389 U.S. 90, 108, 88 S.Ct. 269, 280, 19 L.Ed.2d 305 (1967) (Black, J., concurring). A court without direct appellate jurisdiction nevertheless is empowered to treat an appeal as though it were a petition for a writ of mandamus made pursuant to 28 U.S.C. § 1651. *Young Properties Corp. v. United Equity Corp.*, 534 F.2d 847, 854 (9th Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976).

■ We conclude that the order of the District Court in the present case is not appealable and decline to treat the appeal as a petition for a writ of mandamus. The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstanc-

**180**

es to confine a lower court to its lawful jurisdiction or to compel it to perform its duty to exercise authority. *See Kerr v. United States District Court for the Northern District of California,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). "Its use in such exceptional cases, however, does not mean that the All Writs Statute grants to the appellate court a general [power] to supervise the administration of justice in the federal district courts and to review by writ of mandamus any unappealable order." *Black v. Boyd,* 248 F.2d 156, 159–60 (6th Cir.1957). *See United States v. United States District Court for the Eastern District of Michigan,* 444 F.2d 651, 654–55 (6th Cir.1971), *aff'd,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). As the court held in *Kasey v. Molybdenum Corp. of America,* 408 F.2d 16, 19–20 (9th Cir.1969), "The scope of a mandamus proceeding must be narrowly maintained else the same impediments to justice and disservices to litigants produced by the appeal of an interlocutory order would be present without compelling countervailing considerations." The circumstances of this case are not appropriate for mandamus relief.

The appeal is dismissed for lack of jurisdiction without prejudice to the right of the State Court of Common Pleas of Lucas County, Ohio, to determine whether or not Teamsters Local # 20 is party defendant in the remanded case.

The costs of this appeal are assessed against Teamsters Local # 20.