Hector M. RODRIGUEZ ESTRADA, trustee for West Indies Merchandise Company, Inc., Plaintiff,

v.

ALADDIN WESTERN EXPORT CORP., Defendant.

Civ. No. 83–1119 (JP).

United States District Court, D. Puerto Rico.

Dec. 26, 1985.

Johnny Elías Rivera Law Offices, Rayda V. Fernández Quiñones, Hato Rey, P.R., for plaintiff.

Luis D. Flores González, San Juan, P.R., Francisco Fernández, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Pending before the Court is defendant's Motion to Stay Proceedings or Dismiss without prejudice, based on the pendency of parallel proceedings before the Superior Court of Puerto Rico, San Juan Part, involving the same parties and identical pleadings. The parties have stipulated the pertinent facts in the Pre-trial Conference report. Furthermore, the parties have submitted into the record copies of uncontroverted documentary evidence.

For adequate comprehension of the issues raised herein, it is necessary to delve into the procedural history of the litigation, which actually commenced prior to the date when trustee in bankruptcy, Hector M. Rodriguez Estrada, hereinafter trustee, acting on behalf of plaintiff-debtor, West Indies Merchandise Company, Inc., hereinafter referred as "Wimco", a corporation chartered and doing business in the Commonwealth of Puerto Rico, filed this complaint invoking the diversity jurisdiction of this Court.

Originally included as defendants in the complaint were four corporations. Subsequently, plaintiff moved to withdraw without prejudice its claim against three of said defendant corporations, electing to proceed solely against herein named defendant Aladdin Western Export Corporation, hereinafter Aladdin.

Defendant Alladin, a corporation with principal offices and place of business in Nashville, Tennessee, was at all times pertinent hereto, engaged in the sale of Aladdin products to clients located outside the continental United States. Plaintiff alleges in the complaint that Wimco was appointed exclusive distributor in Puerto Rico for all of Aladdin's products sold locally, and that on or about May 5, 1982, and without just cause therefor, Aladdin unilaterally notified Wimco of the termination of said representation. The complaint sets forth a cause of action based on Puerto Rico Law 75, 10 L.P.R.A. § 278 (1964), which explicitly creates a cause of action in damages against principals who, without just cause, breach, impair or terminate distribution agreements in Puerto Rico.

On July 2, 1982, Wimco filed a Petition under Chapter XI of the Bankruptcy Code, before the U.S. Bankruptcy Court for the District of Puerto Rico. Subsequently, said proceedings were converted to total liquidation, as provided by Chapter VII of the Bankruptcy Code.

■ Prior to filing for bankruptcy, on May 21, 1982 Wimco had filed a complaint against Aladdin and others, before the Superior Court of Puerto Rico, San Juan Part, containing substantially the same allegations as those contained in the complaint filed herein. On October 6, 1982 Wimco filed before the Superior Court a Notice of Removal, simultaneously filing before the Bankruptcy Court an Application for Removal for disposition thereof as an adversary proceeding. The Bankruptcy Court

ordered on December 13, 1982 the remand to the State Court, pursuant to the *Marathon* decision, 102 S.Ct. 2858. The State Court thereafter reassumed jurisdiction over the case.

Plaintiff filed motions in Bankruptcy Court seeking relief from the aforementioned remand to the State Court, and concurrently or alternatively requesting that the adversary proceeding be certified to the Federal District Court for the District of Puerto Rico instead of being remanded to the court of origin. The Bankruptcy Court denied certification to this Court on the basis that an order of remand is final and unreviewable. Plaintiff proceeded to file the instant proceedings by filing a new complaint which essentially realleges each and every one of the facts already alleged in the proceedings currently pending in the State Court. Concurrently, plaintiff requested and was granted a stay of proceedings in the State Court based on the pendency of the bankruptcy proceedings.

The Bankruptcy Court based its remand order on *La Providencia Development Corp, et al., petitioners,* 406 F.2d 251 (1st Cir.1969), which held as follows:

"Plaintiff in the above-captioned adversary proceeding has filed a motion for relief from judgment and a subsequent motion requesting an order for referral to the United States District Court for the District of Puerto Rico. The substance of plaintiff's request is that, in reconsidering our order entered in this case on December 13, 1982, we vacate the remand of the instant adversary proceeding to the Superior Court of Puerto Rico, San Juan Part.

Plaintiff's request must be denied since we lack the power to vacate our own order of remand after the state court reassumed jurisdiction over this action. *In Re La Providencia Development Corp.,* 406 F.2d 251 (1st Cir.1969).

In *Thermtron Products, Inc. v. Hermansdofer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1974) the Supreme Court stated, as an exception to the rule applied in *La Providencia,* that the ban on reviewability (and reconsideration) contained in 28 U.S.C. 1447(d) is not applicable where the trial judge articulated a reason for remanding the case that is not found in Section 1447(c). However, in this case we are not confronted with the exceptional situation faced in *Thermtron.* In our order of December 13, 1982, we specified that the case was being remanded for a reason listed in Section 1447(c): lack of jurisdiction. Thus, the *Thermtron* rule is not applicable and we are without liberty to vacate our order of remand. Cf. *In re Shell Oil Company,* 631 F.2d 1156 (5th Cir.1980) (Since trial court remanded for a reason not listed in section 1447(c), it had power to review its order of remand).

Accordingly, plaintiff's motion for relief of judgment and for referral to the District Court must be and are hereby DENIED."

Because the Bankruptcy Court was without jurisdiction to review the remand order, this Court is similarly barred under the applicable statute to disregard the remand and entertain this action. To do likewise would be tantamount to a collateral review and revocation of a final remand order of the Bankruptcy Court, contrary to the statute.

A Federal Court is without jurisdiction to vacate a remand order after a State court has reassumed jurisdiction. 28 U.S.C. § 1447(d) provides in essence that:

"an order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise..."

P.L. 95–598, Title II, Sec. 241(a), added section 1478 to Title 28 of the United States Code, a provision for removal of cases from other courts to Bankruptcy courts, which section incorporates the language of § 1447(d) to provide in subsection (b) that:

"the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise."

■ Thus, pursuant to the aforementioned statute, the Bankruptcy courts may discretionarily remand on equitable grounds even those cases that pursuant to 28 U.S.C. § 1471 fall under the exclusive jurisdiction of the Bankruptcy Court. *Re Calabria*, (1980, BC Conn) 5 B.R. 73, 6 B.C.D. 441; *Re Ebrighths Refrigeration Equipment, Inc.* (1981, BC SD Ohio) 13 B.R. 546, 4 C.B.C.2d 1543. In exercising this discretion, the Bankruptcy courts are authorized to consider, among others, such factors as: (1) the parties involved, (2) the federal questions involved, (3) principles of forum non conveniens, (4) the questions involving state law involved, and (5) the expedited administration of bankruptcy case.

■ Once the Bankruptcy Court determines to remand and the court of origin reassumes jurisdiction, federal courts are without power to review, revoke, alter or amend said remand. Particularly in cases such as this, where the determination to remand was based in the first place on the lack of constitutional authority by the Bankruptcy Court to entertain the lawsuit. *Re Compton*, (1983, CA5 Tex) 711 F.2d 626.

In addition to the aforementioned statutory bar to review discretionary decisions by Bankruptcy courts remanding adversary proceedings to state courts, and as additional grounds for the disposition of the pending motion, this court considers the reasoning espoused in the following language from the case of *Aro v. Lichtig*, 537 F.Supp. 599 (1982) to be applicable:

> "Increasingly the trend has been toward staying, and at times even dismissing, a subsequently filed federal proceeding involving the same, or even similar parties, and the same issues. See, e.g. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976).
>
> Several factors should be considered: (1) the avoidance of piecemeal litigation; (2) the possibility of inconsistent judgment; (3) the order in which the actions were commenced; (4) the inconvenience of the federal forum; (5) whether the claims of all parties may be adjudicated in the state proceeding; and (6) identity of the parties and issues in both actions..."

Indeed, the factors recited by the Court in the last paragraph of the quotation above militate in favor of dismissing this case and referring plaintiff to the pending state proceeding, where the remedy being sought is available. Wherefore, in light of the above, the present case is DISMISSED without prejudice, as plaintiff's recourse lies in state court.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.