**ANNE ARUNDEL COUNTY, MARYLAND,**

v.

**UNITED PACIFIC INSURANCE CO., et al.**

**Civil No. K–95–3016.**

United States District Court, D. Maryland.

Jan. 5, 1996.

Patricia A. Logan, Phillip F. Scheibe, Office of the County Attorney, Annapolis, Maryland, for plaintiff.

Richard W. Schwartzman, and Ober, Kaler, Grimes & Shriver, Washington, D.C., for defendant United Pacific Ins.

John T. Coady, and Coady & Farley, St. Michaels, Maryland, for defendants Michael J. Cusimano, Jr. and Isabel Cusimano.

James F. Lee, Jr., and Carr, Goodson & Lee, Washington, D.C., for defendant Greenman Pedersen, Inc.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) In a Memorandum and Order dated November 29, 1995, this Court granted plaintiff's request to remand this case to the Circuit Court for Anne Arundel County, Maryland, for two reasons.

(2) One of the two reasons is because it appeared that defendant United Pacific Insurance Company ("UPIC"), the removing party, had not filed a notice of removal within thirty days after service of the summons of the state court complaint. On December 11, 1995, UPIC filed a motion for reconsideration of this Court's aforementioned November 29, 1995 ruling, arguing that the service of the said complaint in fact took place within the thirty-day period preceding UPIC's filing of the petition to remove on October 6, 1995. In support of that motion, UPIC submitted, on December 21, 1995, what is indicated by UPIC to be a copy of the summons in the state court action received on September 6, 1995 by the Maryland Insurance Administration, UPIC's designated agent for the receipt of service of process. However, that summons is at least somewhat illegible. In addition, plaintiff Anne Arundel County has attached as Exhibit 2 to its November 3, 1995 motion to remand a return receipt indicating that service was made upon a Mr. Bartlett, resident agent for UPIC, on September 5, 1995.

(3) Plaintiff, in opposing UPIC's aforementioned December 11, 1995 motion for reconsideration, takes the position that this Court lacks authority to reconsider a remand order based upon lack of timely removal. That contention of plaintiff would appear correct. In *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980), the Fourth Circuit, noting the language of 28 U.S.C. § 1447(d) provides that such a remand order "is not reviewable on appeal *or otherwise*," *id.*, emphasis added by the Fourth Circuit in its opinion, agreed with the statement of the First Circuit, in *In re La Providencia Development Corporation*, 406 F.2d 251 (1st Cir.1969), that "there is no more reason for a district court to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'" *Id.* at 252–53. The First Circuit also wrote that "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *Id.* at 252. *See also Things Remembered, Inc. v. Anthony A. Petrarca*, —— U.S. ——, —— – ——, 116 S.Ct. 494, 496–97, 133 L.Ed.2d 461 (1995). To the contrary, see *Elsesser v. Hospital of Philadelphia College*, 802 F.Supp. 1286, 1288 n. 1 (E.D.Pa.1992); *67 Goffle Road, Inc. v. Playboy Hotel Casino*, 527 F.Supp. 566, 569 (D.N.J.1981). *Cf. Kolibash v. Committee on Legal Ethics of the West Virginia Bar*, 872 F.2d 571, 573 (4th Cir. 1989). *Cf. also Cook v. J.C. Penney Co., Inc.*, 558 F.Supp. 78, 79 (N.D.Iowa 1983). Despite the apparent above split of authority, law in the Fourth Circuit would appear to be clearly established, and preclude reconsideration by this Court in this case of its November 29, 1995 remand Order. In addition, in the view

of this Court, the reasons stated by Judge Field, writing for the Fourth Circuit in *Three J Farms,* and by the First Circuit in *In re La Providencia Development Corporation,* are very sound. Thus, this Court is of the view that it presently lacks authority to reconsider its said November 29, 1995 remand Order.

(4) But even if this Court presently possesses the authority to reconsider its aforementioned remand Order and even if UPIC would, but for this Court's said November 29, 1995 remand Order, be entitled to have this case remain in this federal court because UPIC's removal action in fact took place within the applicable thirty-day period,[1] plaintiff would be entitled to have this Court's November 29, 1995 remand Order continue in existence because that ruling was also based upon the alternate independent ground that one of the other defendants, namely, Greenman, Pedersen, Inc. ("GPI"), did not appropriately, timely join in or consent to UPIC's petition for removal. Despite UPIC's contentions that that latter alternate ruling is not correct, this Court hereby reaffirms that said latter ruling for the reasons set forth in its aforementioned November 29, 1995, Memorandum and Order.

(5) Accordingly, this Court's Order of that date, remanding the within case to the Circuit Court for Anne Arundel County, Maryland, is hereby confirmed and continued in full force and effect.

(6) Copies of this Memorandum and Order are today being mailed to counsel of record.

(7) It is so ORDERED.

---

**1.** In its filing of December 22, 1995 in opposition to UPIC's afore referenced motion for reconsideration, plaintiff has, as discussed in ¶ 2 *supra,* stated a factual dispute concerning when service of plaintiff's complaint in the state court action took place upon UPIC. Under the circumstances, it is not necessary for this Court to resolve that factual dispute.