**Carlos M. Hernandez LOPEZ, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO STATE ELECTIONS COMMISSION, Defendants.**

No. Civ. 98–2157(SEC).

United States District Court, D. Puerto Rico.

June 15, 1999.

**542**

Carlos M. Hernández–López, Hernández & Hernández López, Mayaguez, Puerto Rico, for plaintiffs.

Gustavo A. Gelpí–Abarca, Department of Justice Federal Litigation Division, San Juan, Puerto Rico; Pedro A. Delgado–Hernández, O'Neill & Borges, Hato Rey, Puerto Rico; Ramón L. Walker–Merino, San Juan, Puerto Rico, for defendants.

### ORDER

CASELLAS, District Judge.

Pending before the Court is plaintiffs' motion for attorneys fees pursuant to 42 U.S.C. § 1447(c) for improper removal. **(Docket #15)** In essence, plaintiffs claim that defendants' removal was frivolous and thus should be sanctioned for "acting in bad faith, vexatiously and wantonly." The government has filed an opposition, claiming it had a colorable legal basis for removal. Upon review of the parties arguments' and the record before us, we deny plaintiffs' request for attorneys' fees. Although the Court found defendants' arguments unpersuasive, it does not find that they were so meritless and frivolous in this case as to warrant sanctions.

We do find that defendants' second petition for removal of the same case poses a very bad precedent and demonstrates a disregard for the Court's finding in the above captioned case. This case was re-filed in the district court before another judge, notwithstanding the Court's clear finding of absence of jurisdiction in the present case. Once again this Court expresses its concern over the apparent recent trend demonstrated by the Commonwealth Government of removing for a second time cases that have been remanded by the undersigned upon a finding of lack of federal removal jurisdiction.[1]

■ A second removal after a district judge has remanded a case pursuant to 28 U.S.C. § 1447(c) is only allowed under very limited circumstances pursuant to 28 U.S.C. § 1446(b), as § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ..." The First Circuit has established a black letter rule that once a case is remanded by the district court it loses jurisdiction to reconsider its earlier remand order, even if it was clearly erroneous. To that end, it has stated: "Removal ... to the prejudice of state court jurisdiction, is a privilege to be strictly construed ... and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. *The action must not ricochet back and forth depending upon the most recent determination of a federal court ...* The district court has one shot, right or wrong." *In re La Providencia Development Corporation,* 406 F.2d 251, 252 (1st Cir.1969), *emphasis added.* The First Circuit has interpreted the subsequent removal provision of § 1446(b) quite narrowly, and has justified its narrow reading by stating that "[t]he 'one shot' rule rests on a strong Congressional policy that non-removable suits should not be tied in lengthy appeals and motions for reconsideration in the federal courts." *Federal Deposit Ins. Corp. v.*

---

**1.** This has occurred in all three cases that were remanded by the undersigned: *Varela–Fernandez v. Burgos,* 98–1163(SEC); *Hernan-* *dez–López v. Commonwealth of Puerto Rico,* 98–2157(SEC); and *Ramos–Hernandez v. State Elections Commission,* 98–2281(SEC).

*Santiago Plaza,* 598 F.2d 634, 637 (1st Cir.1979).

Unfortunately, defendant's filing for re-removal shortly after the case had been remanded by the undersigned gives the impression of forum or judge-shopping which in turn may affect the public's confidence in the impartiality of this court.

■ Although this Court lacks jurisdiction to impose sanctions upon defendants in this case for the second petition for removal, we strongly censure defendants' action of filing for removal subsequent to our remand of the case to the local court.

**SO ORDERED.**