**Marian TIPP, Plaintiff,**

v.

**AMSOUTH BANK, Defendant.**

**No. 00–0130–RV–M.**

United States District Court,
S.D. Alabama,
Southern Division.

March 30, 2000.

Daniel G. Sayers, Mobile, AL, for Plaintiff.

Tammy L. Dobbs, Constangy, Brooks & Smith, Birmingham, AL, for Defendant.

## *OPINION*

VOLLMER, District Judge.

This matter comes before the court on defendant AmSouth Bank's motion to reconsider an order remanding this case to the Circuit Court of Mobile County, Alabama. Plaintiff Marian Tipp opposes the motion. After carefully reviewing the law and considering the submissions of the parties,[1] the court concludes that it lacks jurisdiction to reconsider its remand order.

## I. BACKGROUND

AmSouth removed this action on February 14, 2000. In its notice of removal, AmSouth asserted that the removal was jurisdictionally proper under 28 U.S.C. § 1441(b)[2] because Tipp's state law claims were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq,* AmSouth also contended that the removal was procedurally proper under 28 U.S.C. § 1446(b)[3] because the notice of removal was filed within thirty days after Tipp's complaint was served on AmSouth, which, according to the notice of removal, occurred on January 12, 2000.

On February 17, 2000, the court remanded this case *sua sponte* because of a defect in the removal process. As the

---

1. The court has considered AmSouth's "Motion to Reconsider" (Doc. 3) and Tipp's "Response to Motion to Reconsider" (Doc. 4) and supporting brief (Doc. 5).

2. Section 1441(b) states in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

3. Section 1446(b) provides in relevant part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

court explained in the remand order, Am-South had not in fact removed the case within thirty days after service of process because February 14 is thirty-three days after January 12. Thus, AmSouth failed to comply with the express terms of section 1446(b).

On February 23, 2000, AmSouth filed a motion for reconsideration, in which it asserts that the notice of removal contained a typographical error and that service of process actually occurred on January 13, 2000. Since the thirtieth day after January 13 is a Saturday, AmSouth argues that the notice of removal was timely because it was filed on the following Monday.[4] AmSouth thus invites the court to excuse this scrivener's error and "assume jurisdiction over this entire case."

Tipp then filed a response opposing AmSouth's motion for reconsideration. According to Tipp's supporting brief, AmSouth has not presented sufficient evidence to demonstrate that it was actually served with process on January 13, 2000. Moreover, Tipp argues, once a case is remanded, the court is deprived of jurisdiction and therefore lacks any authority to reconsider that remand order. Consequently, Tipp asks the court to deny the motion for reconsideration.

## II. DISCUSSION

AmSouth seeks reconsideration on the grounds that the case was removed within thirty days after service of process and that the court's remand order was premised upon a clerical error in the notice of removal. Before resolving these issues, the court must first determine whether it has jurisdiction to consider AmSouth's post-remand motion.

### A.

The ability of a federal court to review a remand order is governed by 28 U.S.C. § 1447(d). Section 1447(d) states in relevant part that a district court "order remanding a case to the State court from which it was removed is not reviewable on

appeal or otherwise." The Eleventh Circuit has construed this language to mean that section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir.1992); *see also First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir.1997) ("This nonreviewability extends to the power of the district court to reconsider its own remand order.").

In holding that a district court's ability to reconsider a remand order is co-extensive with an appellate court's power to review such an order, the Eleventh Circuit has joined every other circuit that has considered this issue. *See Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir.1992); *Seedman v. United States Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988) (per curiam); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979); *In re La Providencia Development Corporation*, 406 F.2d 251, 252–253 (1st Cir.1969).

The reasons underlying this rule are twofold. First, removal "is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity." *La Providencia*, 406 F.2d at 252. Second, "there is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than [section 1447(d)'s use of] the phrase 'on appeal or otherwise.'" *Id.* at 252–53.

 The Supreme Court has recognized, however, that section 1447(d) only applies to cases that are remanded in accordance with 28 U.S.C. § 1447(c). *See*

4. *See* Fed.R.Civ.P. 6(a).

*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976) ("only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)"). Consequently, a remand order that is based on reasons other than those articulated in section 1447(c) is fully reviewable, and the district court is free to reconsider such an order. *See In re Shell Oil Co.*, 631 F.2d 1156, 1158 (5th Cir.1980).[5] Thus, the court's power to reconsider its remand order in this case turns on whether that order was issued pursuant to section 1447(c).

The appropriate starting point for this analysis is, of course, the statute itself:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

■ The remand order in this case does not expressly invoke section 1447(c). Nor does the order state that the court "lacks subject matter jurisdiction." However, "a failure to cite 1447(c), or mention its buzzwords, does not *per se* give [the court] license to review a remand order." *Loftin v. Rush*, 767 F.2d 800, 802 (11th Cir.1985). As the Eleventh Circuit has explained, "a district court does not have to expressly state its reliance on section 1447(c) to preclude [reconsideration]. Rather, a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order." *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1096 (11th Cir. 1997) (citation omitted).

■ Here, the remand order states that the removal was procedurally defective because AmSouth did not comply with the thirty day removal deadline set forth at 28 U.S.C. § 1446(b). *See, e.g., Somoano v. Ryder Systems, Inc.*, 985 F.Supp. 1476, 1477 (S.D.Fla.1998) ("A defect in the removal process typically refers to a failure to comply with one or more of the procedural requirements specified in the text of the removal statutes."). It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c). *See Things Remembered v. Petrarca*, 516 U.S. 124, 127–28, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995); *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324–25 (11th Cir.1997). Therefore, because the court remanded this case pursuant to section 1447(c), the court is precluded by section 1447(d) from reconsidering that remand.

Thus, even if the court were to conclude that the remand was erroneously premised upon a typographical error in AmSouth's notice of removal, "no review may be had: whether the district court's decision was correct or not makes no difference." *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir.1998) (per curiam). Or, in the words of the First Circuit: "The district court has one shot, right or wrong." *La Providencia*, 406 F.2d at 253. Having taken that shot by remanding this case pursuant to section 1447(c), the court is rendered powerless by section 1447(d) to reconsider that order and determine whether its decision to remand was in fact correct.

### B.

The court notes that AmSouth's counsel is not alone in filing a motion for reconsideration immediately following remand. Indeed, attorneys have filed these motions with such increasing frequency that they now seem to be rather routine. Un-

---

5. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.

**1308**

fortunately, however, the majority of these motions completely fail to discuss the threshold question of whether the court has jurisdiction to reconsider its remand order. The court will therefore publish this opinion to remind the members of the bar that a motion to reconsider a remand order must address this critical issue.

### III. CONCLUSION

The court remanded this action to the Circuit Court of Mobile County pursuant to 28 U.S.C. § 1447(c) because of a defect in the removal process. Thus, the court lacks jurisdiction under 28 U.S.C. § 1447(d) to reconsider that remand.