Alonzo PHILLIPS, Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, Fred Figueroa, and John Does, Unnamed Individual Members of the Correctional Treatment Facility's Medical and Administrative Staff, Defendants.

Alonzo Phillips, Plaintiff,

v.

District of Columbia, Odie Washington, and John Does, Unnamed Individual Members of the D.C. Jail's Medical and Administrative Staff, Defendants.

No. Civ.A. 04–858(RJL).

United States District Court, District of Columbia.

March 16, 2005.

Michael X. Imbroscio, Covington & Burling, Washington, DC, for Plaintiff.

Frank R. Volpe, Alexander J. Willscher, Sidley Austin Brown & Wood, Steven J. Anderson, Office of Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Defendants Corrections Corporation of America, Fred Figueroa, the District of Columbia, Odie Washington, and John Does (collectively "consolidated defendants") have sought removal of the present action from the Superior Court of the District of Columbia ("Superior Court") to this Court, pursuant to 28 U.S.C. § 1441(b). Plaintiff Alonzo Phillips subsequently filed the instant motion to remand the case back to the Superior Court on grounds that the consolidated defendants failed to file their notice of removal within the time prescribed in 28 U.S.C. § 1446(b). Upon consideration of plaintiff's motion, defendants' opposition, and the entire record herein, the Court **GRANTS** plaintiff's motion for the following reasons.

## BACKGROUND

The facts and procedural history relevant to the plaintiff's motion to remand are as follows. Plaintiff was incarcerated in a District of Columbia jail from June 2001 until he was transferred to the Corrections Corporation of America's Correctional Treatment Facility ("CTF") in November 2001. *See* Exhibit A to Pl.'s Mot. to Remand ("Ex.A"). In the spring of 2002, Plaintiff filed separate actions in Superior Court against the District of Columbia ("District") and the Corrections Corporations of America Medical Staff (collectively "first-served defendants"). *See* Ex. A to Pl.'s Mot. to Remand; Exhibit 1 to Notice of Removal ("Ex.1"), p. 1. The plaintiff was *pro se* when he filed these initial actions and both complaints were set forth on boilerplate complaint forms. In each complaint, plaintiff asserted, in essence, that he was given inadequate treatment on his surgically repaired knee while in the D.C. Jail and after his transfer to the CTF. *See id.*

On May 7, 2003, plaintiff filed amended complaints in both actions. *See* Exhibit B. to Pl.'s Mot. to Remand ("Ex.B"); Ex. 1, p. 13. In these amended complaints, plaintiff set forth additional facts and included a claim for "deliberate indifference" under the Eighth Amendment to the United States Constitution. Ex. B, p. 10; Ex. 1, p. 15. Neither the District nor the CTF filed a motion to remove these cases to federal court.

In November 2003, the District moved to consolidate both actions on grounds that they share common facts and that claims were raised under the Eighth Amendment to the Constitution in both actions. Ex. 1, p. 63–64. In February 2004, the Superior Court consolidated the cases and granted plaintiff, who was now represented by counsel, leave to file a consolidated amended complaint. Ex. 1, p. 178. On May 5, 2004, plaintiff filed his consolidated amended complaint, in which he further crystallized many of the arguments he raised in his previous complaints. Pertinent to the instant motion, plaintiff also named, for the first time, defendants Fred Figueroa, Odie Washington, and various fictitious John Doe defendants from the medical and administrative staffs of both the CTF and the D.C. Jail. Ex. 1, pp. 198–99; 221–22. On May 27, 2005, the consolidated defendants filed a joint notice of removal in this Court. *See* Notice of Removal, p. 1.

## ANALYSIS

■ There is no dispute that the first-named defendants failed to file a notice of removal within the time prescribed by the removal statute. Nevertheless, the consolidated defendants now seek removal and contend that their notice is timely because it was filed within thirty days of receiving the plaintiff's amended complaint. Def.'s Memorandum in Opposition to Pl.'s Motion to Remand, p. 3 ("Def.'s Mem."). In short, consolidated defendants argue that the addition of the new defendants in the consolidated complaint essentially "revived" the first-served defendants' rights of removal and made it possible for the entire action to now be adjudicated in federal court. This Court disagrees for the following reasons.

■ When a plaintiff files a motion to remand, the defendant bears the burden of proving that the court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The removal statute at issue here, 28 U.S.C. § 1446(b), states in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by **the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading. . . .

28 U.S.C. § 1446(b) (emphasis added). Because § 1446(b) speaks in terms of only one defendant (e.g., "the defendant"), a plain reading of the statute does not expressly address the issue in this case: whether an action, containing multiple defendants, can be removed when the time period for removal has expired with respect to a portion of those defendants.

■ As a general rule, in cases with multiple defendants, removal is only appropriate when each defendant unambiguously and independently consents to removal. *Kopff v. World Research Group, LLC, et al.*, 298 F.Supp.2d 50, 54 (D.D.C. 2003) ("[I]t is well established that removal generally requires unanimity among the defendants."). Therefore, unless each defendant consents to removal in accordance with § 1446(b)'s thirty day time period, the removal is untimely. *Williams v. Howard Univ., et al.*, 984 F.Supp. 27, 29 (D.D.C. 1997). However, determining whether each defendant's consent is timely can be problematic when, as here, some defendants are added to an ongoing action and the time for removal has expired with respect to the first-served defendants.

Jurisdictions have adopted three different, and widely divergent, approaches to calculating when the thirty day time period in this type of situation begins to run under § 1446(b). A majority of courts apply the "first-served rule." *E.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir.1988) (holding that later-served defendants cannot remove the action if the first-served defendants do not effect a timely removal). This rule has been criticized, however, on grounds that it enables plaintiffs to use dilatory tactics to overcome the legitimate removal rights of later-served defendants. *See McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992); *see also Russell v. LJA Trucking Inc.*, 2001 WL 527411, at * 1–2 (E.D.N.Y. May 11, 2001) (rejecting "first-served rule"). At the other end of the spectrum is the "last-served rule," which is applied by a minority of courts. *E.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d

527 (6th Cir.1999) (holding that later-served defendants have thirty days from the date of service on them to file a notice of removal even though the first-served defendants failed to effect a timely removal). The final approach is an "intermediate rule" or sometimes referred to as the "McKinney Rule" derived from the Fourth Circuit's decision in *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992) (holding that the first-served defendant must petition for removal within thirty days of service or its inaction will prevent later-served defendants from removing the case).

Our Circuit not having addressed this issue, the Court concludes that the intermediate rule is the best reasoned interpretation and application of § 1446(b), particularly in the circumstances of this case. Applying this rule to the instant set of facts reveals that the defendants' notice of removal is untimely. The first-served defendants failed to file a notice of removal with respect to the first law suits filed against them individually. In both of those actions, plaintiff, then *pro se*, raised claims under the Eighth Amendment to the Constitution, which would have been sufficient for the defendants to invoke this Court's jurisdiction under the federal question statute, 28 U.S.C. § 1331. Because they elected not to file a notice of removal, but, instead, to litigate the plaintiff's claims in Superior Court, the later-served defendants are now prevented from removing the consolidated action to federal court. *See McKinney*, 955 F.2d at 928 ("[I]ndividual defendants have thirty days from the time they are served with process or with a complaint to join in **an otherwise valid removal petition**.") (emphasis added). Accordingly, the defendants' notice of removal is untimely and therefore the plaintiff's motion to remand is GRANTED.[1]

### *ORDER*

It is this 16th day of March, 2005, hereby

**ORDERED** that the plaintiff's motion [# 6] is **GRANTED**; and it is further

**ORDERED** that the case is **REMANDED** to the Superior Court for the District of Columbia.

**SO ORDERED.**

---

1. While plaintiff's instant motion to remand was pending, plaintiff filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41. In this motion, plaintiff represents that a portion of the defendants in this action have settled and, therefore, he requests that the claims against only those defendants be dismissed. Pl.'s Partial Motion to Dismiss, p. 1–2. The action should be remanded to Superior Court even assuming, without deciding, that plaintiff's motion for partial dismissal is meritorious because one of the first-named defendants (the District of Columbia) remains in the action. *See* Pl.'s Motion for Partial Dismissal, p. 2. Accordingly, this Court will not rule on the merits of plaintiff's motion and will remand the entire action back to Superior Court consistent with the analysis set forth in this opinion.