# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 10, 2011          Decided May 13, 2011

No. 10-7037

PETER J. KNOP, II, INDIVIDUALLY, AND DERIVATIVELY ON
BEHALF OF AVENIR CORPORATION,
APPELLEE

v.

CHARLES G. MACKALL, JR., ET AL.,
APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00279)

*Jennifer L. Swize* argued the cause for appellants. With her on the briefs was *Michael A. Carvin*.

*Russell J. Gaspar* argued the cause for appellee. With him on the brief was *Andrew K. Wible*.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Peter Knop is a shareholder in Avenir, a Washington, D.C.-based investment company. Knop brought a shareholder derivative suit naming Avenir and its three principal officers, Mackall, Keefe, and Rooney, as defendants. Knop alleged that Mackall, Keefe, and Rooney engaged in various forms of financial misconduct as Avenir's managers. Because Knop brought a shareholder derivative suit, he also named the corporation itself, Avenir, as a defendant.

Knop filed his complaint in the Superior Court of the District of Columbia. Defendants removed the case to the U.S. District Court for the District of Columbia. Defendants asserted that the District Court had jurisdiction because of the diversity of state citizenship among the parties. *See* 28 U.S.C. § 1441(a). The District Court found removal improper because of § 1441(b) of Title 28, which allows removal of diversity cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This suit was brought in Washington, D.C., and defendant Avenir's primary place of business is in D.C. The District Court thus remanded the case to the Superior Court. The District Court also awarded Knop attorney's fees incurred as a result of the removal and remand proceedings. *See id.* § 1447(c).

In this Court, defendants appeal the District Court's award of attorney's fees. (The remand decision itself is unreviewable under 28 U.S.C. § 1447(d).) Absent unusual circumstances, a district court may award attorney's fees when remanding a removed case only if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). According to defendants, they advanced a reasonable argument that the corporation in a shareholder derivative

action is only a nominal defendant and does not count for purposes of 28 U.S.C. § 1441(b).

We review the District Court's grant of attorney's fees for abuse of discretion. A district court abuses its discretion in awarding attorney's fees for an incorrect removal if the removing party had "an objectively reasonable basis" for removal. *Martin*, 546 U.S. at 139, 141. We conclude that defendants' argument for removal was at least reasonable, and we therefore reverse the District Court's judgment awarding attorney's fees to Knop.

* * *

Defendants contend that they had "an objectively reasonable basis" to remove Knop's suit against them to federal court. We need not decide whether defendants' argument for removal was correct. We need only decide whether it was reasonable.

The removal satisfied the threshold requirements of the diversity jurisdiction statute: None of the defendants is a citizen of plaintiff Knop's home state, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

A different federal statute posed the obstacle to defendants' removal. Under 28 U.S.C. § 1441(b), diversity actions may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." On its face, that statute would appear to preclude removal here: Avenir was joined and served as a defendant in this case, Avenir is a citizen of Washington, D.C., and this action was brought in Washington, D.C.

Supreme Court precedent makes clear, moreover, that Avenir was correctly aligned as a defendant rather than a plaintiff in this case. The Court has held that the corporation in a shareholder derivative suit should be aligned as a defendant when the corporation is under the control of officers who are the target of the derivative suit. *See Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 523 (1947). The rationale is that the corporation's actions will be hostile to the plaintiff's suit because the corporation is controlled by the defendant officers. *See Smith v. Sperling*, 354 U.S. 91, 96-97 (1957).

Defendants argue, however, that (i) Avenir is only a *nominal* defendant because it would not be liable to pay a resulting judgment and (ii) a nominal defendant is not counted for jurisdictional purposes under § 1441(b). Therefore, according to defendants, § 1441(b) did not bar them from removing this case.

Defendants' initial point – that the corporation in a shareholder derivative suit is only a nominal defendant – is premised on the unusual nature of shareholder derivative suits. In such cases, a corporation's shareholders bring suit against the corporation's officers. The shareholders are suing on behalf of the corporation, alleging that the officers have committed some wrong in their management of the corporation. If the suit is successful, any recovery goes to the corporation, not to the shareholders. *See Koster*, 330 U.S at 522-23. Because the corporation is not liable to pay any judgment, defendants argue that the corporation in a shareholder derivative suit is only a nominal defendant.

Defendants contend, furthermore, that the presence of a nominal party does not defeat federal jurisdiction based on diversity. Defendants point to a series of Supreme Court

precedents that suggest as much. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92-93 (2005) (diversity jurisdiction not affected if "a party was named to satisfy state pleading rules, or was joined only as designated performer of a ministerial act, or otherwise had no control of, impact on, or stake in the controversy") (citations omitted); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"); *Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 189-90 (1924) ("Jurisdiction cannot be defeated by joining formal . . . parties."); *see also District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1047-48 (D.C. Cir. 1986) ("The common-sense conclusion is that the District of Columbia is a nominal party and that the suit is between private parties whose citizenship will determine diversity.").

Defendants' theory, in short, is that Avenir is only a nominal defendant and that nominal defendants do not count for purposes of evaluating a removal under 28 U.S.C. § 1441(b).

According to Knop, however, a party that is indispensable under the joinder rules – and here it is undisputed that the corporation in a shareholder derivative suit is indispensible under the joinder rules – is by definition not a nominal party and must be considered when assessing the propriety of removal under 28 U.S.C. § 1441(b).

The Supreme Court and this Court have not yet decided whether a corporation in a shareholder derivative suit is only a nominal party for purposes of 28 U.S.C. § 1441(b). *Cf. Navarro Sav. Ass'n*, 446 U.S. at 462 n.9; *American Combustion*, 797 F.2d at 1047-48. Defendants' asserted basis

for removal – that Avenir is only a nominal defendant and therefore should not count for § 1441(b) purposes – has at least some logical and precedential force behind it. Indeed, the argument is sufficiently persuasive that it has convinced one federal district court. *See Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 655 (D. Md. 1998).[1] And another federal district court concluded that the argument is at least reasonable and therefore not a basis for a fee award. *See Gamrex, Inc. v. Schultz*, No. 10-00380, 2010 WL 3943910 (D. Haw. Sept. 9, 2010). Under those circumstances, regardless of whether defendants' argument for removal was correct, we cannot say that defendants "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

We reverse the District Court's judgment awarding attorney's fees to Knop.

*So ordered.*

---

[1] To be sure, a few courts have gone the other way on the merits. *See Gamrex, Inc. v. Schultz*, No. 10-00380, 2010 WL 3943910 (D. Haw. Sept. 9, 2010); *Khoury v. Oppenheimer*, 540 F. Supp. 737 (D. Del. 1982); *cf. also Gabriel v. Preble*, 396 F.3d 10 (1st Cir. 2005) (corporate defendant in shareholder derivative suit counts for purposes of diversity jurisdiction).