Edward D. BALLARD,
et al., Plaintiffs,

v.

The DISTRICT OF COLUMBIA,
et al., Defendants.

Civil Action No. 10–1907 (RWR).

United States District Court,
District of Columbia.

Sept. 22, 2011.

Opinion Denying Reconsideration
Jan. 27, 2012.

Charles Allen Foster, David Samuel Panzer, Greenberg Traurig, L.L.P., Washington, DC, for Plaintiffs.

Esther Yong, Office of the Attorney General for the District of Columbia, Wayne C. Beyer, Office of Attorney General, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

RICHARD W. ROBERTS, District Judge.

Plaintiffs, the family of decedent Yiana–Michelle Ballard, have moved to remand to the Superior Court of the District of Columbia this wrongful death action origi-

nally filed there against the District of Columbia ("D.C."), Detective Charles Hilliard, and D.C. Child and Family Services Agency employees Kenneth Frazier and William Johnson.[1] The defendants oppose the motion under the "last-served" rule governing deadlines for consent to removal, arguing that all defendants consented within thirty days of service of the complaint upon the last-served defendant. Because the equities counsel in favor of remand whether the "last-served," "first-served," or "intermediate" rule is applied, the motion will be granted.

## BACKGROUND

Plaintiffs filed suit in Superior Court on October 7, 2010. (*See* Notice of Removal ("Notice"), Ex. 1 at 1.) The D.C. Attorney General's office has represented all defendants at all times relevant to this action. On October 8, 2010, the plaintiffs served the complaint upon defendant D.C. (Notice, Ex. 4 at 1; Pls.' Mem. in Supp. of Mot. to Remand ("Pls.' Mem.") at 1.) The plaintiffs served the complaint on Johnson on October 21, 2010, on Frazier on October 27, 2010, and on Hilliard on November 3, 2010. (Notice, Ex. 6 at 1, Ex. 5 at 1; Pls.' Mem. at 1; Defs.' Opp'n at 2–3.)

On November 5, 2010, D.C. filed a notice of removal in this court. (Notice at 2–3.) An amended notice of removal reflecting Hilliard's consent was filed on December 3, 2010. (Am. Notice of Removal ("Am. Notice") at 2.) The amended notice also asserted Frazier's and Johnson's consent to removal. (Am. Notice, Ex. 4 at 3.) On November 12, 2010, between the filing of

the original and the amended notices of removal, all defendants moved for an extension of time to respond to the complaint. (Defs.' Mot. for an Extension of Time to Respond to the Compl. ("Defs.' Mot.") at 1.)

The plaintiffs have moved to remand the case to the Superior Court, challenging as untimely Johnson's and Frazier's consent to removal and requesting reimbursement of attorney's fees and costs incurred as a result of the remand. (Pls.' Mem. at 3.) The defendants oppose the motion. They argue that Johnson and Frazier "impliedly consented to removal" by joining the defendants' November 12, 2010 motion for an extension of time within thirty days of service upon them.[2] (Defs.' Opp'n at 3.) The defendants also argue, consistent with the "last-served" rule described below, that Johnson and Frazier expressed timely, independent, and unambiguous consent to removal in Hilliard's amended notice. (*Id.* at 7.)

## DISCUSSION

### I.  REMAND

■  A state court defendant may seek to remove an eligible matter to the federal district court for the district in which the action is pending. 28 U.S.C. § 1441(a); *accord Lindsay v. Gov't Emps. Ins. Co.,* 448 F.3d 416, 422 (D.C.Cir.2006). Within thirty days after service of the complaint, the defendant must file a notice of removal. 28 U.S.C. § 1446(b). Where there are multiple defendants, "removal requires the unanimous [and unambiguous] consent of all [served] defendants[.]"[3] *Ficken v.*

---

1.  All individual defendants were named in their individual and official capacities. (Notice of Removal ("Notice"), Ex. 2 at ¶¶ 8–10.)

2.  The defendants offer no authority for the theory of implied consent to removal, or for the proposition that joining a motion constitutes the unambiguous consent required by

the statute governing removal, 28 U.S.C. § 1446(b).

3.  "[N]ominal or formal party-defendant[s]" are excepted from the unanimity rule. *Cho,* 547 F.Supp.2d at 30 (citing 28 U.S.C. § 1441(c)). Because Johnson, Frazier, and

*Golden,* 696 F.Supp.2d 21, 26 (D.D.C.2010); *Ok Yeon Cho v. D.C.,* 547 F.Supp.2d 28, 30 (D.D.C.2008). Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear. *See, e.g., Queen v. Schmidt,* Civil Action No. 10–2017(RMU), 2011 WL 4101117, at *1 (D.D.C. Sep. 14, 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). However, the D.C. Circuit has not yet determined "when the time to obtain consent to removal runs" in multiple-defendant cases. *See Williams v. Int'l Gun–A–Rama,* 416 Fed.Appx. 97, 100 n. 2 (2nd Cir.2011).

Other circuits have split on the issue, announcing "first-served," "last-served," and "intermediate" rules.[4] *Barbour v. Int'l Union,* 640 F.3d 599, 605–13 (4th Cir.2011). The Fifth Circuit has adopted the first-served rule, under which "all served defendants must consent to removal no later than thirty days from the day on which the first defendant was served." *Williams,* 416 Fed.Appx. at 100 n. 2 (internal citation and quotation marks omitted). "[T]he Sixth, Eighth, and Eleventh Circuits follow the last-served defendant rule, which allows each defendant to remove within thirty days of receiving service[ ]" even where "the first-served defendants failed to effect a timely removal." *Id.* (internal citations omitted); *Princeton Running, Co., Inc. v. Williams,* Civil Action No. 05–1461(PLF), 2006 WL 2557832, at *2 (D.D.C. Sept. 5, 2006) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir.1999)). Finally, in the Fourth Circuit, the "[i]ntermediate [r]ule requires a notice of removal to be filed within the first-served defendant's thirty-

day window, but gives later-served defendants thirty days from the date they were served to join the notice of removal." *Barbour,* 640 F.3d at 607 (citing *McKinney v. Bd. of Tr. of Mayland Cmty. Coll.,* 955 F.2d 924 (4th Cir.1992)). Judges in this court have applied the intermediate rule. *See, e.g., Elkalibe v. Ibiza Nightclub DC, LLC,* Civil Action No. 10–2186(ESH), 2011 WL 1395262, at 2 n. 3 (D.D.C. April 13, 2011) (citing *Princeton Running,* 2006 WL 2557832, at *2); *Phillips v. Corr. Corp. of Am.,* 407 F.Supp.2d 18, 21 (D.D.C. 2005).

There is no need to decide which rule applies here because under any rule, the defendants failed to consent timely, unanimously, and unambiguously to removal. Under the first-served rule, all defendants would have had to consent to removal within thirty days of the date of service upon D.C. *See Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262–63 (5th Cir.1988). Plaintiffs served D.C. with the complaint on October 8, 2010. While the first-served rule would require all defendants to have petitioned for or consented to removal by November 8, 2010, none of the individually-named defendants consented until December 3, 2010. Defendants likewise find no recourse in the last-served rule, which "allows each defendant to remove within thirty days of receiving service[ ]" even if the notice of removal is not filed within thirty days of service upon the first-served defendant. *Williams,* 416 Fed.Appx. at 100 n. 2. (*See also* Pls.' Reply at 11–12.) Defendants D.C. and Hilliard each complied with this thirty-day deadline. (Defs.' Opp'n at 2–3; *but see* Pls.' Reply at 4–5 (stating that Hilliard's "right to remove was waived by his [earlier-

---

Hilliard were sued in their official and individual capacities, the analysis of the defendants' consent to removal is confined to their filings in their individual capacities.

4. The Eleventh Circuit has noted that "the trend in recent caselaw favors the last-served defendant rule." *Bailey v. Janssen Pharm. Inc.,* 536 F.3d 1202, 1205–06 (11th Cir.2008).

served] co-defendants" for their failure to meet their thirty-day deadlines).) Defendants Johnson and Frazier concededly did not (see Defs.' Opp'n at 3, 7), and their joining a motion for an extension to respond to the complaint was not an unambiguous statement of removal. The two were served with the complaint on October 21 and 27, 2010, respectively, and neither unambiguously consented to removal until December 3 of that year. (Pls.' Reply at 4.) Finally, the defendants failed to satisfy the intermediate rule, under which each later-served defendant has thirty days—from the date of service upon *him*—to consent to removal, so long as the first-served defendant has petitioned for removal within thirty days of receiving service. *Princeton Running Co.*, 2006 WL 2557832, at *2–*3. As has been noted, Johnson and Frazier failed to consent to removal within that thirty-day window.

In deciding which rule to apply, courts often consider the equities—or inequities—that "flow from" it. *See, e.g., Barbour*, 640 F.3d at 613. Indeed, courts created the last-served rule "based upon equitable concerns of fairness[.]" *Ballard Nursing Ctr., Inc. v. GF Health Prods., Inc.*, No. 07–C–5715, 2007 WL 3448731 (N.D.Ill. Nov. 14, 2007.) Here, all defendants were at all times relevant to this action represented by the D.C. Attorney General. From the moment of service upon D.C. on October 8, 2010, the Attorney General would have known to calculate the deadlines for all defendants to file notice of or consent to removal. The defendants have demonstrated no reason for the failure to comply with the removal statute and the cases in this court interpreting it. That presents a procedural defect fatal to removal. *See, e.g., Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir.2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section

1446."). (*See also* Pls.' Reply at 5.) Concerns of equity and fairness therefore warrant a remand to the Superior Court.

## II.  ATTORNEYS' FEES

■ "Under 28 U.S.C. § 1447(c), a district court may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F.Supp.2d 132, 141 (D.D.C.2010) (internal citation and quotation marks omitted). "Absent unusual circumstances, a district court may award attorney's fees when remanding a removed case only if the removing party lacked an objectively reasonable basis for seeking removal." *Knop v. Mackall*, 645 F.3d 381, 382 (D.C.Cir.2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Williams*, 416 Fed.Appx. at 99 (internal citation and quotation marks omitted). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Id.* (internal quotation marks and citations omitted). In this circuit, costs and expenses associated with removal are awarded "[w]here non-removability is obvious or contrary to well-settled law[.]" *Nat'l Consumers League*, 680 F.Supp.2d at 141.

■ The defendants argue that "based on [the] [p]laintiffs' claims under 42 U.S.C. § 1983[,] ... the [d]efendants ... had an objectively reasonable basis for removal." (Defs.' Opp'n at 8.) The plaintiffs' reply does not address or rebut that argument. A civil action filed in the Superior Court of which the federal district court has original jurisdiction, such as an action founded on a claim arising under a federal statute, is removable. 28 U.S.C. § 1441(a), (b).

Plaintiffs' 42 U.S.C. § 1983 claim did provide an objectively reasonable basis for removal, even though the plaintiffs' failure to achieve removal in full compliance with the removal statute doomed the success of their effort. The defendants have satisfied the objectively reasonable basis for removal standard sufficiently to block an award to plaintiffs of fees and costs.

## CONCLUSION

The defendants' procedurally faulty removal efforts failed to satisfy the requirements of the removal statute, and the equities favor remand. The plaintiffs' motion to remand this action to the Superior Court will be granted. All remaining motions will be left for decision by the Superior Court. Accordingly, it is hereby

ORDERED that the plaintiffs' motion [4] to remand be, and hereby is, GRANTED. The Clerk is directed to remand this case to the Superior Court of the District of Columbia.

## MEMORANDUM OPINION AND ORDER

Defendants District of Columbia ("D.C."), Detective Charles Hilliard, and D.C. Child and Family Services Agency employees Kenneth Frazier and William Johnson move under Federal Rule of Civil Procedure 59(e) for reconsideration of the order remanding the case to the Superior Court of the District of Columbia due to an untimely removal. They assign as error one allegedly misstated key fact and the order's analysis of the "last-served" rule, one of three potential rules governing deadlines for consent to removal. The plaintiffs, the family of decedent Yiana–

Michelle Ballard, oppose the motion arguing that 28 U.S.C. § 1447(d) bars review, and that in any event, the defendants failed to identify any new law, new evidence, or clear error warranting reconsideration. Because the defendants have failed to demonstrate that reconsideration is either allowed under 28 U.S.C. § 1447(d) or warranted under Rule 59(e), the motion will be denied.

## BACKGROUND

The plaintiffs filed their complaint in the Superior Court on October 7, 2010. The complaint alleged that the defendants violated 42 U.S.C. § 1983 by willfully depriving the plaintiffs of their right under the Fourth Amendment to be free from unreasonable searches and seizures and their right to counsel under the Fifth Amendment. The plaintiffs served the complaint upon D.C. on October 8, 2010. They served Johnson and Frazier with the complaint on October 21 and 27, 2010, respectively. On November 3, 2010, the plaintiffs served Hilliard. *Ballard v. D.C.*, Civil Action No. 10–1907(RWR), 2011 WL 4406335, at *1 (D.D.C. Sept.22, 2011).

D.C. removed the action on November 5, 2010, within the 30 days after service of process by which 28 U.S.C. § 1446(b) requires a removal notice to be filed.[1] Hilliard timely filed a removal notice on December 3, 2010. Hilliard's notice also asserted Frazier's and Johnson's consent to removal. However, by the time Hilliard filed his notice on December 3, more than 30 days had passed after Johnson and Frazier had been served. Johnson's 30–day period ended on November 22, 2010.[2] (*See* Pls.' Reply in Support of

---

**1.** Section 1446(a) describes how to remove a case from state to federal court. Section 1446(b) requires "[t]he notice of removal ... [to] be filed within thirty days after the receipt

by the defendant" of the complaint. 28 U.S.C. § 1446(b).

**2.** The thirtieth day fell on Saturday, November 20, 2010. Thus, the 30–day period ended

Mot. to Remand at 4.) Frazier's 30–day period ended on November 26, 2010.[3]

The plaintiffs moved to remand the matter to the Superior Court arguing that Johnson's and Frazier's consent was untimely. The defendants opposed remand but conceded that determining timeliness could be "problematic." (Defs.' Opp'n to Pls.' Mot. to Remand at 4.) They noted a "first-served rule," a "last-served rule," and an "intermediate rule" variously used to determine timeliness of removal. (*Id.* at 4–5.) They acknowledged that cases in this district discussing the rules adopted the intermediate rule,[4] but they urged this court to adopt the last-served rule. (*Id.* at 5, 7.) This court declined to do so and found that the defendants failed to consent timely, unanimously, and unambiguously to removal. *Ballard,* 2011 WL 4406335, at *2. The September 22, 2011 memorandum opinion and order ("September opinion and order") granting remand rejected the defendants' argument that Johnson's and Frazier's consent to removal satisfied the "last-served" rule, described as "allow[ing] each defendant to remove within thirty days of receiving service[ ] even if the notice of removal is not filed within thirty days of service upon the first-served defendant." *Id.* (internal quotation marks and citation omitted). The September opinion and order otherwise concluded that the equities favored remand, as

all defendants were at all [relevant] times ... represented by the D.C. Attorney General. From the moment of service upon D.C. on October 8, 2010, the Attorney General would have known to calculate the deadlines for all defendants to file notice of or consent to removal. The defendants have demonstrated no reason for the failure to comply with the removal statute and the cases in this court interpreting it.

*Id.* at *3.

Defendants now move to reconsider the ruling on the basis of two alleged errors. First, they argue that the September opinion and order misstated who filed the December 3rd notice, a fact they deemed key. Second, while they concede having failed properly to remove under the first-served and intermediate rules,[5] they challenge the finding "that the removal on December 3, 2010, was not proper under the last-served rule." (Defs.' Mem. in Support of Mot. for Reconsideration ("Defs.' Mem.") at 4.) The plaintiffs contend that this remand order is not reviewable since 28 U.S.C. § 1447(d) makes an order remanding a case to a state court unreviewable on appeal or otherwise. (Pls.' Opp'n to Defs.' Mot. for Reconsideration ("Pls.' Opp'n") at 3.) In the alternative, the plaintiffs argue that the defendants have provided no basis warranting reconsideration under Rule

on "the next day that [was] not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C).

**3.** The thirtieth day fell on Thursday, November 25, 2010, the federal Thanksgiving holiday. Thus, the 30–day period ended on the next day. Fed.R.Civ.P. 6(a)(1)(C).

**4.** *Phillips v. Corr. Corp. of Am.,* 407 F.Supp.2d 18, 21 (D.D.C.2005); *Princeton Running, Co., Inc. v. Williams,* Civil Action No. 05–1461(PLF), 2006 WL 2557832, at *3 (D.D.C. Sept.5, 2006). A third case in this district has since adopted the intermediate rule. *Elkalibe*

*v. Ibiza Nightclub DC, LLC,* Civil Action No. 10–2186(ESH), 2011 WL 1395262, at 2 n. 3 (D.D.C. Apr.13, 2011).

**5.** Under the first-served rule, all defendants must consent to removal within thirty days of the date of service upon the first-served defendant. Under the intermediate rule, each later-served defendant has thirty days—from the date of service upon him—to consent to removal, so long as the first-served defendant has petitioned for removal within thirty days of receiving service. *See Ballard,* 2011 WL 4406335, at *2, 813 F.Supp.2d at 38–39.

59(e). (*Id.* at 5–8.) The plaintiffs also request attorneys' fees.[6] (*Id.* at 8–9.)

## DISCUSSION

### I. REVIEWABILITY

#### A. *The remand statute's bar*

■ Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). The section "authorizes remands for lack of jurisdiction and defects in removal procedure (as § 1446 defines those procedural requirements)." *Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 782 (7th Cir.1999). "It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c)." *Tipp v. AmSouth Bank,* 89 F.Supp.2d 1304, 1307 (S.D.Ala.2000) (citing *Things Remembered v. Petrarca,* 516 U.S. 124, 127–28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).) *See also Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (identifying defects in removal procedure as a ground for remand under § 1447(c)).

■ Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). "This language has been universally construed to preclude . . . reconsideration by the district court."[7] *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.,* 837 F.2d 413, 414 (9th Cir. 1988). The Supreme Court has held that section 1447(d) "should be read *in pari materia* with section 1447(c), so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former." *Powerex Corp. v. Reliant Energy Svcs., Inc.,* 551 U.S. 224, 229, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007); *accord Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 345, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), *overruled on other grounds in Quackenbush,* 517 U.S. at 707, 116 S.Ct. 1712. Thus, "only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)." *Shapiro,* 412 F.3d at 310 (internal quotation marks and citation omitted). If an order issues under § 1447(c), "[t]he . . . court has one shot, right or wrong[,]" to determine whether remand is appropriate. *In re La Providencia Dev. Corp.,* 406 F.2d

---

6. The plaintiffs raise the question whether "the Court retains any jurisdiction over the case after entering the Remand Order." (Pls.' Opp'n at 4 n. 2.) At least one court in this district has retained jurisdiction to reconsider an order of remand where the order "ha[d] not yet been mailed to the Superior Court." *Middlebrooks v. Godwin Corp.,* Civil Action No. 11–922(BAH), 2011 WL 5395656, at *5 n. 3 (D.D.C. Nov.9, 2011) (citing *Shapiro v. Logistec USA, Inc.,* 412 F.3d 307, 312 (2d Cir.2005) (holding that "once a section 1447(c) remand order has been mailed to the state court . . ., federal jurisdiction is at an end")). *See Hunt v. Acromed Corp.,* 961 F.2d 1079, 1081–82 (3rd Cir.1992) ("The federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court"); *but see In re Lowe,* 102 F.3d 731, 735 (4th Cir.1996) ("the entry of th[e] [remand] order divested the district court of all jurisdiction . . . and precluded it from entertaining any further proceedings of any character[.]") (internal quotation marks and citation omitted). The September opinion and order has not yet been mailed to the Superior Court. Given the disposition reached here, however, the question of jurisdiction to resolve the pending motion to reconsider is for all practical purposes moot.

7. The defendants erroneously argue that § 1447(d) "only bars appellate-type review[.]" (Defs.' Reply at 1.)

251, 253 (1st Cir.1969); *accord First Union Nat'l Bank v. Hall,* 123 F.3d 1374, 1377 (11th Cir.1997).[8]

■ The plaintiffs' argument that § 1447(d) bars reconsideration turns on whether the September opinion and order was issued under § 1447(c). (*See* Pls.' Opp'n at 3–5.) Without citing to § 1447(c), the opinion nevertheless explicitly found procedural defects fatal to removal under 28 U.S.C. § 1446(b). *See Ballard,* 2011 WL 4406335, at *3, *4. *See also Tipp,* 89 F.Supp.2d at 1307 ("[T]he remand order states that the removal was procedurally defective [for non-compliance] with the thirty day removal deadline set forth at 28 U.S.C. § 1446(b).... Therefore, *because the court remanded this case pursuant to section 1447(c),* the court is precluded by section 1447(d) from reconsidering that remand" (emphasis added).) Under these circumstances, the remand statute bars reconsideration of the September opinion and order.

B. *The exception to the bar*

■ The defendants argue that review here is permitted under the exception in § 1447(d) for cases removed under § 1443. Section 1447(d) exempts from the general bar on reviewing remand orders civil rights cases removed under 28 U.S.C. § 1443. In relevant part, § 1443(2) authorizes the removal of civil actions "[f]or

any act under color of authority derived from any law providing for equal rights[.]" This subsection does not apply to "the whole gamut of constitutional rights," nor to laws, such as 42 U.S.C. § 1983, "that confer equal rights in the sense[ ] ... of bestowing them upon all." *People of the State of N.Y. v. Galamison,* 342 F.2d 255, 269, 271 (2d Cir.1965). Instead, § 1443(2) concerns "law[s] providing for specific civil rights stated in terms of racial equality[,]" such as the "historic ... equal rights statutes" enacted in 1965. *Cashman v. Rosenberger,* No. 105CV0640GLSDRH, 2005 WL 1949930, at *1 (N.D.N.Y. Aug.12, 2005) (quoting *State of Ga. v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)); *Galamison,* 342 F.2d at 271.

The Second Circuit has explained why the legislative history of § 1443 supports a narrow interpretation of the term, "laws providing for equal rights[.]" Section 1443 has its roots in § 3 of the Civil Rights Act of 1866, which Congress enacted to "codify[ ] ... and consolidate existing statutes." *Galamison,* 342 F.2d at 259, 267 (internal quotation marks and citation omitted). The portion of the Act that is now § 1443(2) permitted removal "only for any arrest or imprisonment, trespasses, or wrongs done or committed by virtue or under color of authority derived from this act[.]" *Id.* at 267 (internal quotation marks omitted). These specific statutes

---

**8.** The defendants bring their motion to reconsider under Rule 59(e). Its text simply sets a 28–day deadline for moving to alter a judgment. A showing of new law, new evidence, clear error, or manifest injustice generally is required to warrant reconsideration. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). Though the defendants do not address it, at least one court has noted the tension between the specific statutory bar outlined in § 1447(d) and "the more general standards for motions to reconsider under [R]ule 59(e)." *Archuleta v. Taos Living Ctr.,* No. 10–1150, 2011 WL 6013057, at *6

(D.N.M. Dec.1, 2011). When two applicable statutes conflict, "the more 'specific statutory language should control[.]' " *Id.* (citing *Nat'l Cable & Telecomms. Ass'n v. Gulf Power Co.,* 534 U.S. 327, 335, 122 S.Ct. 782, 151 L.Ed.2d 794 (2002).) Here, the far more specific language of prohibition in section 1447(d) acts to prohibit review—and reconsideration—of the September opinion and order. 28 U.S.C. § 1447(d). The defendants have not explained why Rule 59(e) would control despite being the provision of lesser specificity. *See Archuleta,* 2011 WL 6013057, at *6.

did not even "remotely relat[e]" to "generalized constitutional" protections. *Id.* at 264, 267. Accordingly, "[t]he officer granted removal under … [the Act]" in 1866 would have relied upon a specific statute rather than "statutes[ ] coextensive with the whole reach of the Constitution[.]" *Id.* at 266. The Second Circuit therefore concluded that

> [w]hen the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights … upon all.

*Id.* at 271.

■ The defendants find no refuge in § 1443. First, as they concede, their notice and amended notice of removal never invoked § 1443. (Defs.' Reply at 1.) Further, according to the defendants, the notices proffered "as a basis of removal the fact that plaintiffs' complaint asserted a claim under 42 U.S.C. § 1983[.]" (*Id.* at 2.) Section 1983 actions alleging Fourth and Fifth Amendment violations are not civil rights cases within the meaning of § 1443. *See Galamison,* 342 F.2d at 271. The exception permitting review only of remands granted under § 1443 does not apply here. *See* 28 U.S.C. § 1447(d). Instead, the September opinion and order constitutes "[a]n order remanding a case to the State court … [which] is not reviewable on appeal or otherwise." *Id.*

### C. *Rule 59(e)*

■ Even if the remand order were reviewable, the defendants have not established under Rule 59(e) standards that reconsideration is warranted. Reconsideration under Rule 59(e) may be granted if the defendants identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Goodman v. Blount,* 427 Fed.Appx. 8 (D.C.Cir.2011) (citing *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996)). "Motions for reconsideration [under Rule 59(e) ] are disfavored[.]" *Wright v. F.B.I.,* 598 F.Supp.2d 76, 77 (D.D.C.2009) (internal quotation marks and citation omitted). Such motions are granted only rarely and "in extraordinary circumstances." *Kittner v. Gates,* 783 F.Supp.2d 170, 172 (D.D.C. 2011). The movants must not "relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry of judgment." *Cornish v. Dudas,* Civil Action No. 07–1719(RWR), 2011 WL 4448605, at *1 (D.D.C. Sept.27, 2011).

■ The defendants claim that the September opinion and order misstated a "key fact"—who filed the December 3, 2010 notice of removal. (Defs.' Mot. at 1, 4.) The fact was neither key nor misstated. As the defendants recognize (*id.* at 4), the court correctly stated that an "amended notice of removal reflecting Hilliard's consent was filed on December 3, 2010" and did not erroneously identify the filer as D.C. *Ballard,* 2011 WL 4406335, at *1. Further, the motion "merely repeats arguments raised and rejected in the [September] memorandum opinion and order." *Cornish,* 2011 WL 4448605, at *2. The defendants cite no newly discovered evidence or intervening change in the law. Indeed, declining the defendants' request that the last-served rule be adopted would not seem to constitute clear error or manifest injustice. When the defendants timed their removal actions, the only published opinions in this judicial district known to have recognized a controlling service rule recognized the intermediate rule. That rule does seem to strike well the balance

between fairness to a plaintiff entitled to prompt certainty about the ultimate forum for the litigation and fairness to multiple defendants all being able to seek removal. Taking a chance here on relying on the last-served rule instead simply was a failed risk, regardless of the merits of alternative interpretations of how to apply that rule in this case.

## II. ATTORNEYS' FEES

 Under 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." *Mostofi v. Network Capital Funding Corp.*, 798 F.Supp.2d 52, 56 (D.D.C.2011) (quoting 28 U.S.C. § 1447(c)). "[I]f non-removability is obvious or contrary to well-settled law, courts regularly impose [associated] costs and expenses." *Stein v. Am. Express Travel Related Svcs.*, Civil Action No. 11–1384(GK), 2011 WL 4430855, at *3, 813 F.Supp.2d 69, 73–74 (D.D.C. Sept.23, 2011). Courts also "may award attorney's fees when remanding a removed case ... if the removing party lacked an objectively reasonable basis for [seeking] removal." *Knop v. Mackall*, 645 F.3d 381, 382 (D.C.Cir.2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun–A–Rama*, 416 Fed. Appx. 97, 99 (2d Cir.2011) (internal citation and quotation marks omitted).

The plaintiffs' renewed request for attorneys' fees under § 1447(c) will be construed as a motion to reconsider the earli-

er order declining to award such costs. *See Ballard*, 2011 WL 4406335, at *3, 813 F.Supp.2d at 39–40. As the September opinion and order concluded, the defendants sufficiently demonstrated an objectively reasonable basis for removal. *Id.* The plaintiffs have not articulated any basis for reconsideration. Accordingly, no award of attorneys' fees is warranted.[9]

## CONCLUSION

Section 1447(d) bars reconsideration of the order issued under § 1447(c) remanding this case. Accordingly, it is hereby

ORDERED that the defendants' motion for reconsideration [# 16] be, and hereby is, DENIED.

---

**9.** The plaintiffs advert to the defendants' exposure to Rule 11 sanctions for unjustified motions for reconsideration. (Pls.' Opp. at 8–9.) However, the plaintiffs have not moved for sanctions in compliance with Rule 11, which requires that such motions "be made separately from any other motion" and "describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c)(2).